117 F.3d 1424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
THE CONTINENTAL INSURANCE COMPANIES, INC., Plaintiff-Appellee,
v.
James HENNEFER, Defendant,
v.
Dan E. BUTCHER and Mary E. Butcher, Defendants-third Party
plaintiffs-Appellants,
v.
TRUCK INSURANCE EXCHANGE, INC., Don P. Meyer, American Home
Assurance Company, Inc. and West American
Insurance Company, Inc., Third party
defendants-Appellees.
 No. 96-55241.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 5, 1997.
Decided July 1, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California, No. 94-5613-KN; David v. Kenyon, District Judge, Presiding.
 
 
 2
 Before: BRUNETTI and O'SCANNLAIN, Circuit Judges, and Hogan,** Chief District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Appellants Dan and Mary Butcher appeal the district court's granting of a motion to dismiss in favor of appellee American Home Assurance Company and the granting of summary judgment in favor of appellees Continental Insurance Companies and West American Insurance Company. Because the record shows that the Butchers failed to allege the underlying action could possibly result in a finding that the Butchers are liable for "property damage" resulting from an "occurrence" within the American Home Assurance policy period, the district court did not err in granting American Home Assurance's motion to dismiss. Because the record establishes that there was no genuine factual issue for trial and that the underlying suit could not possibly result in a finding that the Butchers are liable for "property damage" resulting from an "occurrence" within either the Continental or West American policy periods, the district court did not err in granting Continental's motion for summary judgment or West American's motion for summary judgment with regard to property damage coverage. Because the record establishes that there is no factual issue for trial and that the underlying suit could not possibly result in a finding that the Butchers committed tortious acts within the West American policy period which interfered with the possessory interest of the plaintiff in the underlying lawsuit, the district court did not err in granting West American's motion for summary judgment.
 
 
 5
 Any error the district court may have committed in exercising its discretionary jurisdiction under the Declaratory Judgment Act was harmless because we are convinced a state court would have reached the same result. See Government Employees Ins. Co. v. Dizol, 108 F.3d 999, 1010 (9th Cir.1997).
 
 
 6
 AFFIRMED.
 
 
 
 **
 The Honorable Michael R. Hogan, Chief District Court Judge for the District of Oregon, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3